IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DARRELL HORRY, | : |
| Petitioner, | : |
| v. | : Case No. 5:23-cv-00131-TES-CHW |
| UNITED STATES OF AMERICA, *et al.*, | : |
| Respondents. | : |

## ORDER AND RECOMMENDATION

This case is currently before the United States Magistrate Judge for screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). *Pro se* Petitioner Darrell Horry, a prisoner at the Muscogee County Correctional Institute in Columbus, Georgia, has filed a "Petition for Writ of Mandamus". ECF No. 1. Petitioner also seeks leave to proceed in forma pauperis. ECF Nos. 6 and 7. His motion to proceed *in forma pauperis* is **GRANTED**. This civil action is now ripe for preliminary review. On such review, it is **RECOMMENDED** that this complaint be **DISMISSED** as frivolous under 28 U.S.C. § 1915A(b)(1) for the reasons set forth below.

### REQUEST TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed *in forma pauperis*. ECF No 2. As it appears Plaintiff is unable to pay the cost of commencing this action, his applications to proceed *in forma pauperis* are hereby **GRANTED**. However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing

fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived. Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

    A.    <u>Directions to Plaintiff's Custodian</u>

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his trust account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the facility where Plaintiff is housed. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from

Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### B. Plaintiff's Obligations Upon Release

An individual's release from custody does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his trust account while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

### I. Standard of Review

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Additionally, a complaint may be dismissed for failure to state a claim when an affirmative defense, such as failure to exhaust administrative remedies or the statute of limitations, appears on the face of the complaint. *Jones v. Bock*, 549 U.S. 199, 215-16 (2007).

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, *"[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or

omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

II.     Factual allegations

Petitioner was convicted of various state charges in March 2022 in the Richmond County Superior Court. ECF No. 1. Petitioner alleges that he was wrongfully arrested by the Richmond County Sheriff's Department and wrongfully convicted in the Richmond County Superior Court. *Id*. at 11-13. Petitioner makes no allegations as to the Respondents from the caption of his complaint. *See id*. Instead, Petitioner focuses his allegations on the appointed attorneys who represented him, the District Attorney's office who prosecuted him, and the Judges who presided over his state criminal proceedings. *See id*. To that end, Plaintiff claims that there was a conspiracy amongst the Public Defenders office, the prosecutors, and the Richmond County Judges to violate his rights to further a "modern day multi-billion dollar for profit slave industry". *Id*. Petitioner requests that this Court dismiss "all charges in the Richmond County Superior Court" and that he "be released immediately and unconditionally from the custody of Muscogee

County Prison".[1]  *Id*. at 14.

    III.    <u>Petitioner's claims</u>

Petitioner seeks a writ of mandamus from the district court directing that the Richmond County Superior Court dismiss the charges against him and that the Muscogee County Correctional Institute release him from custody. ECF No. 1. However, "federal courts are courts of limited jurisdiction…. [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree". *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. Federal mandamus relief is available "to compel ***an officer or employee of the United States*** . . . to perform a duty owed to the petitioner." 28 U.S.C. § 1361 (emphasis added). The United States District Courts are unable to issue writs compelling action by state officials or non-federal persons in the performance of their duties. *See Lawrence v. Miami-Dade Cty. State Attorney Office*, 272 F. App'x 781 (11th Cir. 2008) ("Because the only relief [petitioner] sought was a writ of mandamus compelling action from state officials, not federal officials, the district court lacked jurisdiction to grant relief and did not err in

---

[1] This is not Petitioner's only attempt to challenge his trial and conviction through the district court. *See Horry v. United States of America*, 5:23-cv-00128-CAR-MSH (M.D. Ga. May 1, 2023) (habeas corpus petition filed in the Middle District of Georgia that has been transferred to the Southern District of Georgia); *Horry v. United States of America*, 5:23-cv-00129-MTT-MSH (filed in M.D. Ga. April 14, 2023) (pending § 1983 complaint). Petitioner presents almost identical allegations in each of these three complaints that were filed simultaneously in this Court. *Compare* ECF No. 1 with ECF No. 1 in *Horry v. United States of America*, 5:23-cv-00128-CAR-MSH and ECF No. 1 in *Horry v. United States of America*, 5:23-cv-00129-MTT-MSH.

dismissing the petition."); *In re Gurley*, 247 F. App'x 437 (4th Cir. 2007) (affirming dismissal of writ of mandamus aimed at state officials for lack of jurisdiction).

Petitioner seeks an order compelling dismissal of state criminal charges and release from state prison. Although Petitioner captions his complaint to include "the United States of America", it is the Richmond County Superior Court Judges and the Muscogee County Correctional Institute Warden who the Petitioner desires that this Court compel to release the Petitioner from custody. These state officials are not federal officers or employees. Thus, this Court is without jurisdiction to grant Petitioner a writ of mandamus or the other relief he seeks. Therefore, it is **RECOMMENDED** that Petitioner's petition for a writ of mandamus be **DISMISSED without prejudice** pursuant to 28 U.S.C. §1915A(b)(1) as frivolous.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with Judge Tilman E. Self, III., United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED and RECOMMENDED** , this 16th day of May, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge